```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
```
VALERIA MATTHEWS,

                Plaintiff,                06-CV-0759

       v.                    **DECISION**
                                                      **and ORDER**

MICHAEL J. ASTRUE[1],
Commissioner of Social Security

                Defendant.
```
_____
```

## **INTRODUCTION**

    Plaintiff Valeria Matthews ("Plaintiff") brings this action pursuant to Title XVI of the Social Security Act, seeking review of a final decision of the Commissioner of Social Security ("Commissioner"), denying her application for Supplemental Security Income ("SSI").[2] Specifically, Plaintiff alleges that the decision of the Administrative Law Judge ("ALJ") Stanley A. Moskal, Jr. denying her application for benefits was against the weight of substantial evidence contained in the record.

    The Commissioner moves for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c)("Rule 12(c)"), on grounds that the ALJ's decision was supported by substantial evidence. Plaintiff opposes the Commissioner's motion, and cross-moves for judgment on the pleadings, on grounds that the Commissioner's decision was

---

[1] Michael J. Astrue became the Commissioner of Social Security on February 12, 2007. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue is substituted for his predecessor Commissioner JoAnne B. Barnhart as the proper defendant in this suit.

[2] This case was transferred to the undersigned by the Honorable Richard J. Arcara, United States District Court for the Western District of New York by Order dated October 2, 2007.

erroneous. For the reasons set forth below, the Court finds that the decision of the Commissioner is supported by substantial evidence, and therefore the Commissioner's motion for judgment on the pleadings is hereby granted. Plaintiff's cross-motion for judgment on the pleadings is denied.

## BACKGROUND

On June 18, 2003, Plaintiff, at that time a 48 year old female high school graduate with past work experience as a bus driver, filed an application for SSI. She claims to have become disabled on June 4, 2003 due to back pain, knee pain, and irritable bowel syndrome. Plaintiff's application was denied by the Social Security Administration initially on November 18, 2003. Thereafter, Plaintiff appeared, pro se, at an administrative hearing before the ALJ on May 25, 2005. In a decision dated March 17, 2006, the ALJ determined that the Plaintiff was not disabled. The ALJ's decision became the final decision of the Commissioner when the Social Security Appeals Council denied Plaintiff's request for review on October 19, 2006. On November 17, 2006, Plaintiff filed this action.

## DISCUSSION

### I. Jurisdiction and Scope of Review

42 U.S.C. § 405(g) grants jurisdiction to district courts to hear claims based on the denial of Social Security benefits. Additionally, the section directs that when considering such a claim, the Court must accept the findings of fact made by the

Commissioner, provided that such findings are supported by substantial evidence in the record. Substantial evidence is defined as, "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consolidated Edison Co. v. NLRB, 305 U.S. 197, 217 (1938). Section 405(g) thus limits the Court's scope of review to determining whether or not the Commissioner's findings were supported by substantial evidence. See, Monqeur v. Heckler, 722 F.2d 1033, 1038 (2d Cir. 1983) (finding that a reviewing Court does not try a benefits case de novo). The Court is also authorized to review the legal standards employed by the Commissioner in evaluating Plaintiff's claim.

The Court must "scrutinize the record in its entirety to determine the reasonableness of the decision reached." Lynn v. Schweiker, 565 F. Supp. 265, 267 (S.D. Tex. 1983) (citation omitted). The Commissioner asserts that his decision was reasonable and is supported by the evidence in the record, and moves for judgment on the pleadings pursuant to Rule 12(c). Judgment on the pleadings may be granted under Rule 12(c) where the material facts are undisputed and where judgment on the merits is possible merely by considering the contents of the pleadings. Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639 (2d Cir. 1988). If, after a review of the pleadings, the Court is convinced that Plaintiff can prove no set of facts in support of his claim which would entitle him to relief, judgment on the pleadings may be appropriate. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

**II.   The Commissioner's decision to deny the Plaintiff benefits was supported by substantial evidence in the record.**

The ALJ in his decision found that Plaintiff was not disabled within the meaning of the Social Security Act. In doing so, the ALJ adhered to the Social Security Administration's 5-Step sequential evaluation analysis for evaluating applications for SSI benefits. See 20 C.F.R. §§ 404.1520 and 416.920.[3] Under Step 1 of the process the ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset of disability. (Transcript of Administrative Proceedings at pages 14, 17) (hereinafter "T."). At Steps 2 and 3, the ALJ concluded that Plaintiff's impairments of lumbar strain and knee problems were severe within the meaning of the Regulations but were not severe enough to meet or equal, either singly or in combination, any of the impairments listed in Appendix 1, Subpart P of Regulations No. 4. (T. at 14, 17).

At Step 4, the ALJ concluded that Plaintiff was unable to perform any of her past relevant work, which is classified as medium work, but found that she retained the residual functional capacity to perform light work. (T. at 15, 17). At Step 5, the ALJ concluded, based upon Medical-Vocational Rule 202.20, that Plaintiff is not disabled. (T. at 16, 17).

---

[3] Five-step analysis includes the following: (1) ALJ considers whether claimant is currently engaged in substantial gainful activity; (2) if not, ALJ considers whether claimant has severe impairment which significantly limits his physical or mental ability to do basic work activities; (3) if claimant suffers such impairment, third inquiry is whether, based solely on medical evidence, claimant has impairment which is listed in regulations Appendix 1, and if so, claimant will be considered disabled without considering vocational factors; (4) if claimant does not have listed impairment, fourth inquiry is whether, despite claimant's severe impairment, he has residual functional capacity to perform his past work; and (5) if claimant is unable to perform past work, ALJ determines whether claimant could perform other work. See id.

**A. The ALJ's Residual Functional Capacity determination is supported by substantial evidence.**

Plaintiff argues that the record does not contain substantial evidence to support the ALJ's Residual Functional Capacity ("RFC") determination that Plaintiff can perform light work because Plaintiff's treating physician Dr. Samuel B. Galeota has opined that she is completely disabled, and the opinions of two consultative physicians who opined that plaintiff is not disabled, are inconsistent with each other, and are not supported by the medical evidence. (Pl. Br. at 4-7). Plaintiff also argues that at the time of the hearing, the ALJ did not have a current RFC assessment on file that accurately reflected her functional ability, and that the ALJ erred by not obtaining an up to date assessment. (Pl. Br. at 4-7). I find, however, that the ALJ's determination is supported by substantial evidence in the medical record.

    1. The opinions of the consultative physicians are consistent and supported by the medical record.

Dr. Steven Dina ("Dr. Dina") performed a consultative examination of the Plaintiff on July 11, 2003. (Tr. at 139). Dr. Dina concluded that Plaintiff had mild limitations resulting from her low back problems, and that she should avoid repetitive lifting of medium weights and repetitive bending and squatting. (Tr. at 141). As to Plaintiff's alleged knee pain, Dr. Dina concluded that her complaints were not consistent with his examination findings, and that they appeared to be exaggerated. Id.

Dr. Andrew C. Przybyla ("Dr. Przybyla"), a non-examining consultative physician, reviewed Plaintiff's medical records and concluded that Plaintiff can occasionally lift twenty pounds, frequently lift ten pounds, and stand/walk/sit about 6 hours in an 8 hour workday. (Tr. at 139-141, 148, 153, 205). He also concluded that Plaintiff can occasionally perform postural activities. (Tr. at 153).

Although both consultative doctors determined that the Plaintiff is not disabled, Plaintiff's treating physician, Dr. Galeota, wrote a note dated April 23, 1987,[4] indicating that Plaintiff was totally disabled presumably because of back and knee pain. (Tr. at 192). In response to the ALJ's request for additional documentation, Dr. Galeota wrote a note on the ALJ's May 25, 2005 request letter indicating that he examined the Plaintiff only once, and did not provide any additional information. (Tr. at 15, 195).

Dr. Dina's and Dr. Przybyla's opinions are consistent and supported by the medical record. (Tr. at 139-141, 148, 153, 205). Both physicians concluded that Plaintiff only had mild limitations and can occasionally perform postural activities. (Tr. at 141, 153). Their opinions are consistent with Plaintiff's x-ray which revealed only mild changes of lumbar spondylosis and facet arthritis. (Tr. at 205). The x-rays also revealed an "unremarkable" right knee, and a benign cyst on the left knee. (Tr. at 206).

---

[4] Although Dr. Galeota's note appears to be dated on April 23, 1987 (Tr. at 192), it appears from the record and Plaintiff's hearing testimony that the note was most likely completed sometime in 2005 (Tr. at 242).

Dr. Galeota's opinion that Plaintiff was totally disabled was not afforded controlling weight by the ALJ because there was no supporting documentation or clinical evidence to support that conclusion. (Tr. at 15, 195). Dr. Galeota examined Plaintiff on only one occasion and did not provide any documentation to support his opinion. (Tr. at 15, 195). Also, Dr. Galeota's opinion is inconsistent with the Plaintiff's x-rays and the consultative physicians' opinions that Plaintiff had only mild limitations but was able to work. (Tr. at 141, 153, 205, 206). Lastly, a physician's statement that an individual is or is not disabled is a statement on an issue reserved to the Commissioner and is not entitled to any special significance. 20 C.F.R. § 416.927(e); Snell v. Apfel, 177 F.3d 128, 133 (2d Cir. 1999).

The ALJ's RFC determination that Plaintiff can perform light work is consistent with Dr. Przybyla's opinion that Plaintiff can occasionally lift twenty pounds, frequently lift ten pounds, and stand/walk/sit about 6 hours in an 8 hour workday because light work involves sitting/standing/walking off and on for a total of approximately 6 hours of an 8 hour workday, and lifting no more than twenty pounds occasionally and ten pounds frequently. SSR 83-10. (Tr. at 153). Also, a finding that Plaintiff is capable of performing light work is consistent with the opinions of Drs. Dina and Przybyla that Plaintiff can occasionally perform postural activities because light work requires only occasional bending and stooping. SSR 83-10, 83-14. (Tr. at 141, 153). Although Dr. Dina stated that Plaintiff should not repetitively walk distances, such

a finding does not preclude a determination that Plaintiff is capable of performing light work as the ability to stand (which Plaintiff retains) is more critical than the ability to walk when performing light work. SSR 83-10. (Tr. at 141).

### 2. The ALJ fully developed the medical records.

Plaintiff argues that the ALJ's RFC determination is erroneous because there is no current RFC assessment in the file, and that the ALJ failed to develop the record fully by not ordering an "updated Consultative Examination either prior to, or after" Plaintiff's hearing. (Pl. Br. at 6-7). She also alleges that the ALJ was obligated to re-contact Dr. Dina to clarify the Plaintiff's limitations. (Pl. Br. at 5).

The ALJ fully developed Plaintiff's medical history for the twelve months preceding her application when he requested records from the treating facilities and practitioners identified by the Plaintiff as treating sources. 20 C.F.R. § 416.912(d). (Tr. at 106, 107, 127, 129, 134, 247). The ALJ also ordered a consultative exam in July 2003, and an RFC assessment in December 2003. (Tr. at 138, 153). The ALJ is not required to order additional consultative exams as part of his obligation to develop the record. It is within the ALJ's discretion to determine whether a consultative exam is appropriate. 20 C.F.R. 416.917 ("we may ask you to have one or more physical or mental examinations or tests"). Nor is the ALJ required to obtain a clarification from a consultative examiner unless he finds that the report is inadequate or incomplete. 20 C.F.R. 416.919p(b). The ALJ did not find Dr. Dina's report incomplete or

inadequate. (Tr. at 15). Lastly, Plaintiff's contention that her condition worsened since September 2003 is contradicted by her x-ray taken in April, 13, 2005, which showed only mild changes of lumbar spondylosis and facet joint arthritis, and a benign cyst on her left knee. (Tr. at 205, 206). Plaintiff's right knee was unremarkable. (Tr. at 205).

The ALJ fully developed the record, and therefore, an additional consultative examination or RFC assessment was not required. Also, the Plaintiff's x-ray, taken a month prior to the hearing, does not support the Plaintiff's contention that an updated consultative examination or RFC assessment was needed. Id.

### B. **The ALJ properly assessed the Plaintiff's subjective complaints.**

The ALJ determined that the Plaintiff's subjective complaints of pain were not totally credible based on medical evidence and Plaintiff's own statements. (Tr. at 15, 17, 138). Plaintiff argues that the ALJ failed to properly assess her subjective complaints because he did not ask her about the dosage, frequency, and side effects of her Lortab medication. Plaintiff also argues that the ALJ made only a "cursory" finding regarding her daily living activities. It is within the ALJ's discretion to evaluate the credibility of a Plaintiff's subjective complaints, and render an independent judgment in light of the medical findings and other evidence regarding the true extent of the symptomatology. Mimms v. Heckler, 750 F.2d 180, 185-86 (2d Cir. 1984).

The ALJ's determination that Plaintiff's subjective complaints of pain were not credible is supported by the evidence in the record. Plaintiff was not taking any prescription pain medication, nor had any pain medication been prescribed for her by any of her doctors. (Tr. at 15, 138). Also, the medical records revealed that she took Tylenol for her pain and that she did not suffer any disabling side-effects from Lortab. Nor does the objective medical evidence in the record support the Plaintiff's claims of pain. Plaintiff's test results and treatment records do not support a finding of pain to the extent alleged by the Plaintiff. (Tr. at 139, 141, 153, 205). While the ALJ did note that Plaintiff had problems sitting and walking, and being away from the bathroom for long periods of time, he nevertheless found that the Plaintiff was able to carry on most of her daily living activities. (Tr. at 15). In sum, the record supports the ALJ's conclusion that Plaintiff's complaints were not credible. (Tr. at 15, 90, 91, 93, 139, 205).

### C. **The ALJ properly relied upon the Medical Vocational Rules because there is substantial evidence that there is no non-exertional limitations.**

The ALJ concluded that Plaintiff was not disabled based upon Medical-Vocational Rule 202.20 because the Plaintiff "can perform the demands of the full range of light work" and there were "no nonexertional limitations." (Tr. at 16, 17). Plaintiff argues that her ability to occasionally perform postural activities, and her need to lie down throughout the day qualify as nonexertional impairments that erode her occupational base, and that as a result,

a vocational expert is required to determine if there are a significant number of jobs in the national economy that Plaintiff can perform.

The ALJ may properly rely upon the Medical-Vocational Rules if there are no non-exertional limitations that would significantly narrow the range of work permitted by Plaintiff's exertional limitations and if the rules "adequately reflect a Plaintiff's condition." Bapp v. Bowen, 802 F.2d 601, 605, 606 (2d Cir. 1986). The ALJ determined that Plaintiff did not have any non-exertional limitations that would prevent her from performing light work. (Tr. at 16, 17). Although Plaintiff can occasionally perform postural activities, light work requires only occasional bending and stooping. SSR 83-10, 83-14. (Tr. at 149, 153). Plaintiff's contention that she needs to "lie down throughout the day" is not supported by medical evidence. (Tr. at 139, 205). Also, Plaintiff's contention is contradicted by the fact that she is able to carry on most of her daily living activities. (Tr. at 90, 91, 93).

In making his determination, the ALJ considered the total available record and properly concluded, based upon the substantial evidence in the record, that Plaintiff was not disabled within the meaning of the Act.

## **CONCLUSION**

For the reasons set forth above, I grant the Commissioner's motion for judgment on the pleadings. Plaintiff's cross-motion for

judgment on the pleadings is denied, and Plaintiff's complaint is dismissed with prejudice.

ALL OF THE ABOVE IS SO ORDERED.

                                  s/Michael A. Telesca
                                        MICHAEL A. TELESCA
                               United States District Judge

Dated:    Rochester, New York
           January 30, 2007